IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS JONES, #R00379, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 11-cv-0855-MJR |
| | ) |
| TANYA KINER, | ) |
| HOOD, | ) |
| DR. NWAOBASI, | ) |
| DR. MAGID FAHIM, | ) |
| ILLINOIS DEPT. OF CORRECTIONS, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| and C/O DILDAY, | ) |
| | ) |
| Defendants. | ) |

ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

**A.   Introduction**

This case is before the Court for threshold review pursuant to 28 U.S.C. 1915A. Curtis Jones, incarcerated at Menard Correctional Center within this Judicial District, filed a prisoner civil rights suit in this Court under 42 U.S.C. 1983. His original complaint (74 pages long, with exhibits) contained allegations against a correctional officer, two medical technicians, two doctors, Wexford Health Sources, Inc. (a third-party medical contractor at Menard), and the Illinois Department of Corrections. By motions filed July 10, 2012, Jones seeks leave to file an amended complaint and "to expand the page limitation" on that complaint. The Court **GRANTS** those motions (Docs. 9 and 10), **DIRECTS** the Clerk's Office to docket the July 10, 2012 submission as Jones' First Amended Complaint, and conducts threshold review on that pleading.

**B.   Analysis**

The amended complaint names the seven above-captioned Defendants and alleges the following. Jones became seriously ill in late September 2009, reported his condition and the fact he was in agonizing pain to two medical technicians (Defendants Kiner and Hood) and at least one correctional officer (Defendant Dilday), all of whom saw Jones' obvious need for medical treatment but none of whom got him to a doctor.

1

Jones eventually was seen by a physician (Dr. Nwaobasi, who works for Wexford Medical Sources), but he lacked the equipment to perform necessary tests and failed to appropriately treat Jones' dire condition. Jones was unable to eat for days due to the excruciating pain in his neck, face, and throat. After he developed right arm pain and facial seizures due to septicemia, he was admitted to the prison hospital where his condition worsened. Jones subsequently was transported to Chester Memorial Hospital where he was treated with intravenous antibiotics and morphine for three days, after which he required a 14-day regimen of oral antibiotics and pain killers. As a result of his delayed treatment and inattention at Menard, Jones sustained severe and permanent damage and to his facial nerves, which have left him disfigured and with a speech impediment, in addition to "chronic" residual pain. He seeks compensatory and punitive damages, a declaratory judgment stating that Defendants violated his constitutionally-secured rights, and costs of this lawsuit.

On threshold review under § 1915A, as with dismissal motions under Federal Rule of Civil Procedure 12(b)(6), the district court's task is to determine whether the complaint states a claim to relief that is plausible on its face. ***Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).** In making this determination, the Court construes the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in his favor. ***Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009),** *cert. denied,* **130 S. Ct. 1141 (2010).** This Court also bears in mind that pro se complaints must be liberally interpreted, and held to a "less stringent standard than formal pleadings drafted by lawyers." ***Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011).**

So construing Plaintiff's complaint here, the Court finds that Jones has articulated colorable claims for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution, as to all named Defendants.[1]

Plaintiff's allegations of medical *malpractice* (e.g., that Defendants Hood and Kiner are improperly trained med techs who failed to properly diagnose Plaintiff in triage, and Defendant Nwaobasi did not order the correct tests) fail to rise to the level of a colorable constitutional claim, cognizable via § 1983 action. Negligence, and even

---

[1] A governmental entity such as the Illinois Department of Corrections cannot be held liable under § 1983 for the unconstitutional acts of its employees unless the acts were carried out pursuant to an official custom, policy, or practice. ***See, e.g., Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006),** *citing Monell v. Dept. of Social Services,* **436 U.S. 658, 694 (1978).** Plaintiff here has alleged that Defendants IDOC and Wexford have an official policy, custom or practice which allows them to avoid on-site inspections and resulted in his denial of medical access, thereby causing his injuries.

gross negligence, is insufficient to meet the standard of deliberate indifference required to support an Eighth Amendment claim.  *See, e.g., King v. Kramer,* **680 F.3d 1013, 1019 (7th Cir. 2012).**  The medical malpractice claims all merit dismissal with prejudice.

Likewise, Plaintiff's breach of contract claims (which he asserts via this Court supplemental jurisdiction and which are premised on a contract between IDOC and Wexford) fail to survive 1915A review.  He has not alleged a facially plausible claim for breach of contract as to any of the named Defendants.  The breach of contract claims are dismissed without prejudice.[2]

To summarize, what survives are Plaintiff's Eighth Amendment deliberate indifference claims as to the seven Defendants named in the caption and listed as "DEFENDANTS" in the body of the amended complaint.  Plaintiff also presents allegations of deliberate indifference as to an *eighth defendant* -- "Lt. Liefer" – not named in the caption or listed in Section B of the form complaint.  It plainly appears that Plaintiff meant to assert a deliberate indifference claim as to Lt. Liefer.  Accordingly, the Clerk of Court is **DIRECTED to add Lieutenant Liefer** to the docket sheet as a Defendant, and he will be included on all future pleadings, until further Order of Court.

C.   **Conclusion**

**Surviving 1915A review are Plaintiff's Eighth Amendment claims, against all Defendants, based on deliberate indifference to Plaintiff's serious medical needs occurring in late September through October 2009.**

The Clerk of Court **SHALL PREPARE** for Defendants Kiner, Hood, Dilday, Nwaobasi, Fahim, IDOC, Wexford, and Liefer the following:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[2]   Cognizant that he is not a party to the contract, Plaintiff alleges that he sues as a third-party beneficiary.  Plaintiff attached the contract to his complaint (so the Court could properly consider it), but he omitted the section of the contract which (in other years' contracts between IDOC and Wexford) contains an express disclaimer as to any third-party beneficiaries. So, dismissal is without prejudice here, because the Court does not have before it the relevant portion of the particular IDOC-Wexford contract.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings. Furthermore, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time he moved under 28 U.S.C. § 1915 for leave to commence this civil action without prepaying fees and costs, he was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. *See* **Local Rule 3.1(c)(1).**

Finally, Plaintiff is **ADVISED** that he is under a **continuing obligation** to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to

comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See **FED. R. CIV. P. 41(b).**

    IT IS SO ORDERED.

    DATED August 8, 2012.

                                                    s/  *Michael J. Reagan*
                                                  Michael J. Reagan
                                                  United States District Judge